## THE "CLARA."

A small schooner, having no watch on deck, was lying at anchor inside the Delaware Breakwater in a very dark night, when vessels were constantly arriving for shelter from an approaching storm. Among them was one well manned, which, in proceeding to a proper anchorage, without any fault of either omission or commission on her part, collided with and sunk the schooner. If a sufficient watch had been on the deck of the latter, the collision might have been avoided. *Held*, that the vessel was not liable.

APPEAL from the Circuit Court of the United States for the Eastern District of New York.

The facts are stated in the opinion of the court.

*Mr. Henry J. Scudder* for the appellants.
*Mr. Robert D. Benedict* and *Mr. E. L. Owen*, contra.

MR. JUSTICE SWAYNE delivered the opinion of the court.

This is an appeal in admiralty. The case grew out of a collision between the schooners "Clara" and the "Julia

Newell," on the 25th of February, 1874, inside the Delaware Breakwater. The owners of the latter vessel libelled the former. The libel was dismissed below. Hence this appeal. The facts were found by the Circuit Court pursuant to the act of Congress of April 13, 1876, c. 77 (18 Stat. 315), which in this respect is a re-enactment of the nineteenth section of the Judiciary Act of 1789, c. 20. 1 Stat. 83.

The first-named act limits the power of this court upon appeals in such cases " to a determination of the questions of law arising upon the record, and to such rulings of the Circuit Court, excepted to at the time, as may be presented by a bill of exceptions." Here there is no bill of exceptions. As respects the facts, we cannot, under any circumstances, look beyond the findings in the record. *The Abbotsford*, 98 U. S. 440. The only question before us is as to the correctness of the conclusion of law arrived at by the Circuit Court. That, also, is set forth pursuant to the requirement of the act of 1876, and follows in the record the findings of fact.

The facts as found are as follows : —

1st, The collision occurred inside of the Delaware Breakwater, and the " Newell " was thereby sunk. The " Newell " was a small vessel of seventy-eight tons burden. In the afternoon of the 23d of February, 1874, she anchored within the breakwater for shelter from an approaching storm. The " Clara," being on a voyage from New York to Baltimore, foreseeing the coming storm, bore away and also put into the breakwater for safety. She arrived about five o'clock A.M. on the 25th of February, 1874, and while proceeding to a proper anchorage collided with the " Newell." There were then a large number of vessels in the breakwater, and others were constantly arriving.

2d, That at the time the " Clara " entered the breakwater the night was cold and very dark, the moon having gone down several hours before. That the " Julia Newell " was improperly lying without a watch on deck. That the storm was increasing, and set in about the time the " Clara " came to anchor, and was a very severe snow-storm.

3d, If the " Newell " had had a sufficient watch on deck, the accident might have been prevented.

4th, The "Clara" was well manned, and had proper lights and a proper lookout.

The conclusion of the court as to the law of the case is thus expressed : —

The failure to keep a watch on the deck of the "Julia Newell" was the cause of the collision.

Looking at the case in the light of the findings of fact, no fault whatsoever, of omission or commission, is imputable to the "Clara." It is true it was her duty, under the circumstances, to enter the breakwater and proceed to her anchorage with the greatest care and circumspection. *Culbertson* v. *Shaw*, 18 How. 584.

Whether there was any failure on her part to comply with this requirement is not shown. But the maxim applies, *quod non apparet non est.* The fact not appearing is presumed not to exist. The libellants brought the case into court and thus assumed the affirmative. The burden of proof rested primarily upon them. If in this or in any other respect there was delinquency on the part of the respondents, it was for the libellants to prove it. As the case is presented to us in the record, the "Clara" must be held entirely blameless.

Such is not the position of the "Newell." The findings as to her put her deeply in the wrong. The night was dark. The moon had gone down. The tempest had begun and was increasing. A large number of vessels were already within the breakwater, and others were constantly arriving.

This condition of things demanded the greatest vigilance on the part of all concerned.

It was necessary to their safety. Life and property were both at stake. The "Newell" had been at anchor more than twenty-four hours, and the officers in charge of her had ample time for thought and preparation. Yet it is found that amid these perils she was "lying-without a watch on deck," and if she had had "a sufficient watch" the collision that ensued "might have been prevented."

There is nothing in the record which mitigates in any degree the severe condemnation which such recklessness invokes. Her fault is without excuse.

The rules of law which apply in these cases are well settled.

Where the fault is wholly on one side, the party in fault must bear his own loss, and compensate the other party, if such party have sustained any damage. If neither be in fault, neither is entitled to compensation from the other. If both are in fault, the damages will be divided. 1 Parsons, Shipp. & Adm. 525, 526 ; *The Morning Light*, 2 Wall. 550 ; *Union Steamship Co.* v. *New York & Virginia Steamship Co.*, 24 How. 307.

The want of a proper watch is a fault of great weight. 1 Parsons, Shipp. & Adm. 576, 577 ; *The Sapphire*, 11 Wall. 164; *The Indiana*, Abb. Adm. 330; *The Mary T. Wilde*, Taney's Dec. 567 ; *The Ferryboat Lydia*, 4 Ben. 523. In a cause of collision, the plaintiff, in order to recover entire damages, must prove both care on his own part and want of it on the part of the defendant. 1 Parsons, Shipp. & Adm. 529 and note 2.

This case falls clearly within the first of the categories above stated.

*Decree affirmed.*