THE JUMNA. THE McCALDIN BROTHERS. THE JAMES S. T. STRA-
NAHAN. THE GYPSUM KING. THE W. FREELAND DALZELL.
THE J. B. KING CO. NO. 19. THE GYPSUM EMPEROR.

(Circuit Court of Appeals, Second Circuit. November 14, 1906.)

Nos. 37–39.

**1. COLLISION—INEVITABLE ACCIDENT.**
In the admiralty law the phrase "inevitable accident" has a compre-
hensive meaning, and it is not necessary that the accident should be the
result of a vis major. If no negligence can be imputed to either vessel
in a collision, there is a presumption that they were navigating in a lawful
manner and the accident may be said to be inevitable; the test being
whether the collision could have been prevented by the exercise of ordinary
care, caution, and maritime skill.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Collision, § 19.]

**2. SAME—INSCRUTABLE CAUSE.**
Where the evidence is so conflicting that it is impossible to determine to
what direct or specific acts a collision is attributable, it is a case of dam-
age arising from a cause that is inscrutable, and under the settled modern
rule in this country there can be no recovery or partial recovery therefor.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Collision, § 20.]

**3. SAME—EVIDENCE CONSIDERED.**
Evidence *held* to sustain the finding of a court of admiralty that it did
not establish negligence or fault on the part of any of the vessels con-
cerned in a series of collisions in East river, following the parting of a
tug's hawser, and to exonerate all from liability on the ground that the
collisions were due to inevitable accident or to an inscrutable cause.

Appeal from the District Court of the United States for the Southern
District of New York.

On appeal and cross-appeal from a decree of the District Court for
the Southern District of New York dismissing the libel and cross-libels
and deciding that the collision between barge No. 19, in tow of the
tug Gypsum King, and the steamship Jumna, and the subsequent col-
lision of said barge and the schooner Gypsum Emperor with the New
Haven Railroad's pier No. 38, East river, was the result of inevitable
accident.

The opinion of Judge Holt in the District Court is reported in 140
Fed. 743.

Charles C. Burlingham, for J. B. King Transp. Co.
La Roy S. Gove, for McCaldin Bros. Co.
Wilhelmus Mynderse, for the Dalzell.
J. Parker Kirlin, for the Jumna.
Joseph H. Choate, Jr., for New York, N. H. & H. R. Co.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. It is conceded on all hands that, except in a
few unimportant details, the facts are fully and accurately stated in the
opinion of the district judge. He has carefully considered the con-
flicting theories of fault and has reached the conclusion that negli-
gence has not been established as to any of the vessels participating in
the collision. To arrive at this result it was necessary for him to de-
termine several disputed questions of fact regarding which it is suf-

ficient to say that in many instances he was unquestionably right and in no instance is the finding so clearly against the preponderance of proof as to warrant us in setting it aside.

For instance, was the Jumna's hawser sufficient and in proper condition? . Was the tow of the Gypsum King properly made up? Did the McCaldin Brothers make proper effort to reach the port side of the Jumna? Did the Dalzell put a sudden strain on the hawser?

In each of these instances the district judge found against the asserted negligence and we think the weight of testimony sustains these findings. Like him we are unable to localize the blame for the collision. We had some doubt as to whether the tugs in charge of the Jumna, and particularly the McCaldin Brothers, can be exculpated but, after an examination of the testimony, we incline to the opinion that they did everything which could be reasonably expected of them and that the McCaldin Brothers started to make fast to the port quarter of the Jumna as soon as the latter cleared the pier and it was possible to get around her stern.

The judge of the District Court has found that the collision was the result of an inevitable accident. Such an accident usually happens when it is not possible to prevent it by the exercise of due care, caution and nautical skill. It is generally, though not invariably, attributed to an act of God, as where a tremendous tempest arises, such as devastated Galveston a few years ago, or more recently destroyed the shipping in the harbor of Havana. So, where a dense fog or falling snow obstructs the vision, where a gale and high seas unite to make navigation difficult, or where a severe storm is prevailing upon a dark night, a collision happening in such circumstances, the colliding vessels exercising the care, skill and caution required by prudent navigation, would be attributed to inevitable accident. Such accidents usually occur when safe navigation is rendered impossible from causes which no human foresight can prevent; when the forces of nature burst forth in unforeseen and uncontrollable fury so that man is helpless, and the stoutest ship and the most experienced mariner are at the mercy of the winds and waves.

In admiralty law, however, the phrase has a more comprehensive meaning. It is not necessary that the accident should be the result of a vis major. If no negligence can be imputed to either vessel there is a presumption that they are navigating in a lawful manner and where no fault can be shown the accident may be said to be inevitable.

In the case of The Morning Light, 2 Wall. 550, 17 L. Ed. 862, Mr. Justice Clifford, quoting Dr. Lushington, says (page 561 of 2 Wall. [17 L. Ed. 862]):

"Inevitable accident must be considered as a relative term, and must be construed not absolutely but reasonably with regard to the circumstances of each particular case. Viewed in that light, inevitable accident may be regarded as an occurrence which the party charged with the collision could not possibly prevent by the exercise of ordinary care, caution, and maritime skill."

·· In the case of The Grace Girdler, 7 Wall. 196, 19 L. Ed. 113, the Supreme Court say:

·' "Inevitable accident is where a vessel is pursuing a lawful avocation in a lawful manner, using the proper precautions against danger, and an accident

occurs. The highest degree of caution that can be used is not required. It is enough that it is reasonable under the circumstances."

The test is, could the collision have been prevented by the exercise of ordinary care, caution and maritime skill? In the case at bar we are unable upon the testimony before us to specify any particular fault, to put our finger upon any act or omission and assert that to it the accident was attributable. Fault may exist, but we are unable to dis·cover it; it is inscrutable. Where the evidence is so conflicting that it is impossible to determine to what direct and specific acts the collision is attributable, it is a case of damage arising from a cause that is inscrutable. The Fern and The Swann, Newb. 158, Fed. Cas. No. 8,-588. Whether the case at bar be thus classified, or whether it be held to come within the admiralty definition of inevitable accident is not material; in either event the loss must be borne by the party on whom it falls.

In the early administration of the maritime law in this country the damages were divided in cases of inscrutable fault precisely as in cases where both vessels were in fault. The John Henry, 3 Ware, 264, Fed. Cas. No. 7,350; The Sciota, 2 Ware (Dar. 359) 360, Fed. Cas. No. 12,-508; The Fern and The Swann, supra. The question has now been definitely decided by a vast preponderance of authority that there can be no recovery or partial recovery unless fault be affirmatively shown. The Clara, 102 U. S. 200, 26 L. Ed. 145; The Breeze, 6 Ben. 14, Fed. Cas. No. 1,829; The Grace Girdler, supra; The Sunnyside, 91 U. S. 208, 215–216, 23 L. Ed. 302.

As we all concur in the conclusion that the case at bar falls within one of these categories, the decree should be affirmed with costs.