### WRIGHT & COBB LIGHTERAGE CO. v. NEW ENGLAND NAVIGATION CO. et al.

(Circuit Court of Appeals, Second Circuit. April 14, 1913.)

#### No. 136.

1. COLLISION (§ 70*)—NEGLIGENCE—MOORING AT END OF PIER IN FOG—SIGNALS.

Three companion tugs, with car floats on their sides, caught in a dense fog in East River in the night, tied up alongside each other at the end of a pier extending into the river some 300 feet. *Held* that, under the circumstances shown, such action was not negligent, but that it was their duty, so long as the fog continued, to sound some signals giving notice of their presence, other than signals which would indicate them to be in motion, and that the continuous ringing of a bell was such proper signal.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 91–100; Dec. Dig. § 70.*]

2. COLLISION (§ 100*)—FERRYBOAT—NAVIGATION IN FOG.

A ferryboat must navigate, even in a dense fog, and the only additional duty resting upon her is to exercise care commensurate with the additional risk.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 213–215; Dec. Dig. § 100.*]

3. COLLISION (§ 22*)—FOG—INEVITABLE ACCIDENT.

A finding by the trial court that collisions occurring in East River in the early morning in a dense fog were the result of inevitable accident, within the meaning of the admiralty law, affirmed.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 19; Dec. Dig. § 22.*]

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, dismissing a libel to recover damages for a collision between libelant's barge and a car float in tow of a New Haven transfer tug, which latter two boats were broken away from a pier to which they were moored by a collision with the ferryboat Pierrepont. The facts are set forth with great fullness in the opinion of the District Judge, which will be found in 189 Fed. 809.

Foley & Martin, of New York City (F. A. Spencer, Jr., and William J. Martin, both of New York City, of counsel), for appellant.

J. J. Macklin, J. T. Kilbreth, and De Lagnel Berier, all of New York City, for appellees.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. It is necessary to add but little to the careful discussion of the various propositions presented in this complicated case, which will be found in Judge Holt's opinion.

The charge of fault against the New England Navigation Company, charterer of the barge, for tying her up at the end of Pier 15 is disposed of by our recent opinion in The Rhein (March 10, 1913) 204 Fed. 252.

[1] As to the transfer tugs and car floats of the New Haven Railroad, which were tied up side by side at the end of Pier 15, we fully concur with Judge Holt that in the condition of fog then prevailing there was no negligence in placing them there. As thus tied up, projecting over 300 feet beyond the end of the pier, they were to some extent an obstruction in a much-navigated channel. Under the rule laid down in The Kennebec, 108 Fed. 303, 47 C. C. A. 339, and N. Y., O. & W. R. Co. v. Cornell S. B. Co., 193 Fed. 380, 113 C. C. A. 306, they were under an obligation, while lying thus in dense fog, to give some sound signal indicating their presence. Our opinion in Taylor Dredging Co. v. P. R. R. No. 5, 181 Fed. 833, 104 C. C. A. 343, is not inconsistent with the two cases last above cited. In that case a single boat was tied up where it was to be expected that a boat might be found lying at any time.

These boats tied up at Pier 5 should not have undertaken to give warning of their presence by giving whistle signals, because that would have indicated that they were navigating, and so would have added to the confusion. The testimony is conflicting as to what indications they did give of their presence—conflicting, that is, to the extent that the witnesses from them say that a bell was rung, while other witnesses say that they did not hear it. The District Judge thought it was doubtful whether a bell was rung, but did not decide that question, because he placed his decision on another ground, viz., that the collision at Pier 5 was not the proximate cause of the subsequent collision at Pier 15. From our examination of the testimony, however, we have reached the conclusion that after the relief captains arrived in the morning prior to the accident the bell was rung almost continuously. The positive testimony is harmonious and plausible, and we do not think it is overborne by the testimony of those who did not hear the bell. Some of them were not accustomed to listening for signals; others were not placed where they would be likely to hear. The Fin MacCool, 147 Fed. 123, 77 C. C. A. 349. We do not think the transfers and car floats were negligent in failing to give sound signals of their presence.

[2] Finally, we do not think the ferryboat was negligent. Such craft must navigate even in dense fog. She seems to have been carefully navigated, and, indeed, on the oral argument, the counsel for the transfer flotilla substantially withdrew his charge of fault on her part.

[3] Since no improper navigation is proved against anybody, we concur in Judge Holt's conclusion that it is a case of inevitable accident, in the admiralty meaning of that word. The Jumna, 149 Fed. 171, 79 C. C. A. 119.

Decree affirmed, with costs.