### THE CENTRAL RAILROAD OF NEW JERSEY NO. 27.
(District Court, E. D. New York. December 30, 1920.)

1. Collision ⬤⇒69—**Anchored vessel not required to blow fog whistles.**
    A vessel at anchor in a fog and ringing her fog bell is not obliged to blow danger whistles, unless there is some reason therefor.

2. Collision ⬤⇒71(2)—**Moving vessel held solely at fault for collision with anchored lighter.**
    Lighter at anchor in fog *held* to have rung her fog bell and maintained a lookout, which was all she was required to do, so that a tug, which was negligent in failing to hear the bell or in not coming to anchor during the fog, was solely at fault for a collision between the tow and the lighter.

In Admiralty. Libel by Merritt & Chapman Derrick & Wrecking Company against the steam tug Central Railroad of New Jersey No. 27. Decree for libelant.

Foley & Martin, of New York City, for libelant.
Park & Mattison, of New York City, for claimant.

GARVIN, District Judge. The lighter Edgar, for some days prior to April 2, 1920, had been working in the North River on the wreck of the Mary E. Lynch about one-third of the way across the river; she was anchored by four wire ropes and cables, two from her bow and two from her stern; she had a large fog bell. On the day in question, April 2, the Central Railroad of New Jersey No. 27 came down the river in a heavy fog with full knowledge of the Edgar's position. She had a tow which included the Interstate 54. When she saw the Edgar she attempted to avoid her, but she or her tow struck the lighter, inflicting the injuries for which damage was claimed.

Several witnesses on the Edgar testified that her fog bell was rung continuously for some time before the collision, and that no signals from the No. 27 were heard. A witness who was on a boat in the tow of No. 27 testified that he heard the bell, but on cross-examination he testified that he heard it only just before the collision. Another witness, who appeared to have no interest in the outcome of the case, testified that he had seen the Edgar at her anchorage for several days before the accident, was familiar with the tone of the bell, and that it rang for some time before the collision, as testified by the Edgar's crew. The claimant's witnesses insist that the No. 27 blew her fog whistle and that they heard no bell from the Edgar. It is asserted that the Edgar also was negligent in not blowing its danger whistle.

[1, 2] A vessel at anchor is not obliged to blow danger whistles, unless there is some reason therefor. Wright & Cobb Lighterage Co. v. New England Navigation Co., 204 Fed. 762, 125 C. C. A. 129. I find as facts that the Edgar rang her fog bell and that she had a man on deck who was acting as lookout, which was all that she was reasonably required to do and that the only negligence was that of the No. 27. Indeed, I think under the circumstances that it was the duty of the latter vessel to come to anchor during the fog, and not to proceed unless prepared to make good any damage occasioned thereby.

Decree for libelant.