## The T. W. Snook.

### Griswold et al. v. The T. W. Snook, (Continental Ins. Co., Intervener.)

#### (District Court, N. D. Illinois. June 18, 1892.)

ADMIRALTY—DECREE—BOND—INTERVENTION.
    A vessel arrested in a suit to recover damages done to the hull of another vessel by a collision was released on bond. Afterwards an insurance company intervened in the suit, claiming that the cargo of the other vessel had been insured by the company, and had been totally destroyed by the collision. A decree was rendered finding the libeled vessel guilty. *Held*, that the insurance company should not be allowed to be let in to share in the decree to the extent of what might remain of the penalty of the bond after satisfying the decree in regard to the damage to the other vessel, since the bond was given only to satisfy the cause of action set out in the original libel.

In Admiralty. On motion.
Libel by the firm of Griswold & Manchester against the propeller T. W. Snook for damages caused by a collision. A decree was rendered in favor of the libelants. The Continental Insurance Company intervened, and now moves to be let in to participate in the decree.

*Robert Rae*, for Continental Ins. Co.

BLODGETT, District Judge. On the 18th day of September, 1887, a collision occurred in the waters of Chicago river between the propeller T. W. Snook and the canal boat Georgia, whereby the Georgia was sunk; the Georgia at the time being in tow of the canal propeller City of Henry. Griswold & Manchester, as owners of the Georgia, filed their libel in this court on the 20th of September, 1887, charging that the collision was caused by the fault of those in charge of the Snook, and claiming damages for the loss of the Georgia to the amount of $2,000, her alleged value. A monition was issued, and the Snook arrested by the marshal of the district, and on the 4th of October, 1887, the Snook was released from such arrest on a bond given by Charles A. Cook, William C. Wil-

son, and Price & Miller, in the penal sum of $4,000, conditioned that, "if the obligors in said bond should abide by and satisfy the decree of said court if final, or of any appellate court, then that said obligation should be void; otherwise to remain in full force." On the 19th day of January, 1888,—more than three months after the Snook had been so released,—the Continental Insurance Company filed what purported to be an intervening libel in the case of Griswold & Manchester against the Snook, and an original libel against the propeller City of Henry, her engines, etc., alleging that said company was an insurer of a cargo of 6,250 bushels of corn on board the Georgia at the time she was sunk by such collision, which said cargo was owned by Griswold & Manchester, and that the loss of said cargo by said collision was total; that the Georgia and two other canal boats were all in tow of the canal propeller City of Henry, and that such collision occurred by reason of the negligent and unskillful management of the said propellers Snook and City of Henry; that in the month of December, 1887, said company paid the owners of said cargo the insured value thereof, which amounted to $2,550; wherefore it was prayed that said company be allowed to intervene for its interests, and that a monition issue against the propeller City of Henry, and that the City of Henry be condemned to pay whatever sum is pronounced against her. The owners of the Snook answered the original libel, denying that the collision occurred by reason of any negligence or want of skill of those in charge of the Snook. Proofs were taken, and the case brought to hearing on said proofs in November last, and the court found that the Georgia was sunk by reason of the fault and negligence of those in charge of the Snook. No proofs were taken on the part of this intervener, and no appearance made in its behalf. No monition was issued for the seizure of the Snook or City of Henry under the intervening petition, and in fact the case has been dormant, so far as this intervention is concerned, until this motion was made, since the decree was entered in the original case. It is now insisted on behalf of the insurance company that it shall be let in to participate in the decree to be rendered in the original cause to the extent of whatever amount may remain of the penalty of the bond after satisfying the decree in favor of the owners of the hull of the Georgia. There is no allegation in this intervening libel of any right of subrogation on the part of the insurance company to the rights of the owners of the cargo as against the party in fault for the loss of the cargo. I do not think this application on the part of the insurance company should prevail, my reasons being briefly that at the time the bond was given on which the Snook was released no claim was made in the proceedings, except for damages to the hull of the Georgia, and, in fact, it was not until about two months after this bond had been given that the insurance company paid the loss on the cargo, and thereby acquired any right of intervention or subrogation. The sureties on the bond must be presumed to have signed it solely on the understanding that their liability was only to satisfy the cause of action set out in the libel, which was for the damage to the hull of the Georgia. The case of *The Oregon*, 45 Fed. Rep. 62, relied upon

by the proctor for the insurance company, does not seem to me applicable to the facts in this case. The motion is therefore overruled, and the intervening petition dismissed.