982

## THE ASFALTO.

### THE JOHN ENGLIS.
### THE RED ASH NO. 3.

### O'BOYLE v. CARTERET FERRY CORPORA-TION et al.

### No. 396.

Circuit Court of Appeals, Second Circuit.

July 10, 1931.

On Application to Correct Mandate July 28, 1931.

William F. Purdy, of New York City (William F. Purdy and John E. Purdy, both of New York City, of counsel), for appellant Red Ash Towing Line.

Haight, Smith, Griffin & Deming, of New York City (Henry M. Hewitt, James Mc-Kown, Jr., and W. Parker Sedgwick, all of New York City, of counsel), for appellee Carteret Ferry Corporation.

Before MANTON, L. HAND, and AU-GUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

No attempt is made to review the decision of the District Court that all three of the colliding vessels were at fault and, upon the merits, equally responsible for the damages resulting from the collision. This appeal presents only the question of the extent of the liability of the Red Ash, and her stipula-tors for value, because of the fact that no claim has been asserted against the Red Ash, except for the damage to the Asfalto.

The owner of the barge Asfalto libeled the John Englis and the Red Ash, alleging damage "in the making of repairs, towing, survey fees, demurrage," etc. The Red Ash suffered no damage. The Asfalto claimed $1,929 damage from the collision. The Red Ash filed a stipulation for value in the sum of $1,929, and obtained the release of that vessel. The stipulation was in terms to se-cure payment of the "amount awarded by the final decree." After the libel was filed by the owner of the Asfalto, the owner of the John English filed a libel against the Asfalto and the Red Ash, but only arrested the As-falto. This libel claimed damages suffered by it in the sum of $9,200. The trial judge made an order consolidating the two libels.

■ If, for the sake of argument, the claims for damage set up in the respective libels be taken at their face value, the decision of the District Court would impose upon the stipulators for value of the Red Ash a lia-bility of one-third of $9,200, as well as one-third of $1,929, although the Red Ash was never arrested in the libel by the Carteret Ferry Corporation on behalf of the John Englis and did not appear in that suit. The imposition upon the stipulators of this liabil-ity, far in excess of the agreed value of the Red Ash, is sought to be justified on the ground that, when the Red Ash was arrested by the Asfalto, she was made a party to the litigation for the purpose of adjusting all her liabilities resulting from the collision, in-cluding her liability to the Carteret Ferry Corporation which owned the John Englis. But the stipulators undertook no such obliga-tion, for the vessel was only libeled by the owner of the Asfalto for damages in respect to that barge and the stipulators who fur-

nished the bond to take the place of the vessel entered into an undertaking limited to an agreed value of $1,929. The Red Ash was seized under no process, nor did her owner appear in the libel of the Carteret Ferry Corporation. There is therefore no pleading properly before the court which charges her with liability for any portion of the damages sustained by the John Englis.

■ It is well settled that the obligations of a stipulator in admiralty are limited to the amount stipulated and to the cause of action set up, and that they cannot be increased by the claims of persons intervening after the vessel has been released and the stipulation for value filed, or by any amendments to the libel which introduce a completely new claim. The Oregon, 158 U. S. at page 210, 15 S. Ct. 804, 39 L. Ed. 943; The Beaconsfield, 158 U. S. 303, 15 S. Ct. 860, 39 L. Ed. 993; The Haytian Republic, 154 U. S. at page 128, 14 S. Ct. 992, 38 L. Ed. 930; The Shreveport (D. C.), 42 F.(2d) 524, at page 536; Hawgood & Avery Transit Co. v. Dingman (C. C. A.) 94 F. 1011; The T. W. Snook (D. C.) 51 F. 244. Such a rule is the only one to apply here, for the cause of action set up in the libel was to recover damages to the Asfalto. Consequently it was the only liability that the stipulators had any reason to contemplate when they furnished their undertaking.

The cross-libelant argues that the rule of The Oregon, supra, does not apply where several vessels are at fault and two libels are filed and consolidated. In support of its contention it cites The Eugene F. Moran v. N. Y. Cent. & H. R. R. Co., 212 U. S. 466, 29 S. Ct. 339, 53 L. Ed. 600. In that case a libelant was compelled to pay damages occasioned by one of its barges which was not made a party to the libel upon the theory that the libelant had subjected itself and its property to the exigency of the suit. In The Manhattan (D. C.) 181 F. 229, where one vessel was not arrested, Judge Hough decreed that the share of damages payable by the vessel not attached should be paid by another vessel of the same owner. In other words, he used the absent vessel as a means of making a just mathematical calculation as to the liability of the claimant, one of whose vessels had been seized. This is different from subjecting a vessel and still more different from subjecting its stipulators to a claim when neither have been brought into court at all. Yet it is the result of the decree below that the Red Ash has to pay its share of the damages suffered by the John Englis, though the owner of the latter never served any process upon the Red Ash Towing Line, Inc., nor arrested the Red Ash.

■ The further contention is made on behalf of the Carteret Ferry Corporation that in any event the owner of the Asfalto ought to be allowed to recover from the stipulators of the Red Ash up to the face value of the stipulation not only one-third of the damages suffered by the Asfalto, but also the amount her owner will have to pay to the Carteret Ferry Corporation because of the injury done it by the Red Ash. One answer to this is that the latter corporation has filed no assignment of error. A further answer is that the owner of the Asfalto has asked to recover no such sum in its libel.

■ Whether or not the Asfalto, as a joint tort-feasor, might have been held liable to the Carteret Ferry Corporation for the damage done to the John Englis by the Red Ash as well as by the Asfalto, the libel in which the stipulation was filed asserted no such claim, and the decree recognized no such liability. As the decree stands, the Asfalto is only liable for its own one-third of the damage to the John Englis, and not for that occasioned by the Red Ash. Accordingly, if we assume that $1,929, the amount claimed in the first libel, should be established against the Red Ash for physical damages to the Asfalto arising out of the collision or for repairs, towing, survey fees, or demurrage caused thereby, recovery by the owner of the Asfalto against the stipulators of the Red Ash would be $643, and no more.

It seems clear from the foregoing that, in so far as the interlocutory decree increased the liability of Red Ash, its owner or stipulators, by the addition of a portion of the damages sustained by the John Englis, it proceeded upon a wrong theory and must be reversed, but in other respects should be affirmed.

The decree is modified in accordance with the views expressed in this opinion.

### Application to Correct Mandate.

### PER CURIAM.

An application is made that the mandate should direct that the damage to the John Englis be shared equally by the Asfalto.

The District Court decreed that the Red Ash should pay one-third of the damage suffered by the John Englis. Under our decision holding that the Red Ash was not liable for this one-third, the John Englis is

forced to bear not only its own one-third of the damage imposed upon it through its contributory fault, but also the one-third which it received from the Red Ash. This is so because we relieved the Red Ash from liability on the ground that it was never impleaded to answer such a claim. No one but the Red Ash has appealed. Therefore the decree as to all other parties must stand.

Application denied.