## THE NEW YORK MARINE NO. 2.

## DERBY v. CITY OF NEW YORK.

### No. 251.

Circuit Court of Appeals, Second Circuit.
March 14, 1932.

Foley & Martin and Macklin, Brown, Lenahan & Speer, all of New York City (J. A. Martin and Carl F. Vander Clute, both of New York City, of counsel), for appellant.

Arthur J. W. Hilly, Corp. Counsel, of New York City (William J. Leonard and Charles J. Carroll, both of Brooklyn, N. Y., and Lester W. Easton, of New York City, of counsel), for appellee City of New York.

Frederick W. Park, of New York City, for appellee New York Marine Co.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The tug New York Marine No. 2, of the claimant New York Marine Company, took in tow a flotilla of eleven barges made up in four tiers. The first three tiers had three barges abreast, and the fourth tier two barges. In the first tier, which was on a sixty-foot hawser, the Maher Bros. was the port barge and the L. F. Leary the starboard barge. The tow was bound from the lower bay in New York Harbor to Perth Amboy. As it approached Staten Island, a thick fog set in, so that when it neared St. George the tug decided to tie up at Pier 1 (which is adjacent to the ferry slip) until the fog lifted. The barges lay along the outer ends of Piers 2 and 3, not fastened to the piers, but tailing behind the tug. About half an hour after the tug had tied up, the ferryboat Brooklyn, owned and operated by the city of New York, came into collision with the outside or port hawser barge of the tow, Maher Bros., causing libelant's barge L. F. Leary, which was the inside or starboard hawser barge, to collide with a pier and sustain injuries.

The libelant brought this suit against the city of New York to recover damages for the alleged negligent operation of its ferryboat, and the city impleaded the tug New York Marine No. 2, claiming that the tug had caused the injury by failing to give any signals which might warn other vessels of the presence of the barges at the end of the piers.

The District Judge held that the ferryboat was guilty of negligence in running at an excessive rate of speed in a fog, and that the tug was negligent in failing to give warning of the presence of her tow. But he found that the Leary was also negligent in neglecting to make any sounds calculated to warn harbor craft of the location of the barges. He granted an interlocutory decree allowing libelant only half damages and dividing the remainder between the ferryboat and the tug. From this decree libelant, the owner of the Leary, has appealed. He contends that he is entitled to full damages against the city of New York and the tug New York Marine No. 2.

If the theory of the trial court that the Leary was guilty of negligence which contributed to the collision were adopted, we should be obliged to consider whether the particular division of damages directed by the interlocutory decree could be justified either under The Eugene F. Moran v. New York Cent. & H. R. R. Co., 212 U. S. 466, 29 S. Ct. 339, 53 L. Ed. 600, or under our decision in The Asfalto (C. C. A.) 51 F.(2d) 982. But at the time of the collision the Leary was in charge of the tug New York Marine No. 2 and was under no duty to give warning to the ferryboat of her location. Consequently she was guilty of no negligence which contributed to the accident and entitled to recover full damages against the ferryboat and was not obliged to divide them with the vessels responsible for her injuries.

In Hughes v. Pennsylvania R. Co. (C. C. A.) 113 F. 925, we held that it was the duty of a tug to sound signals in such a situation as this to warn harbor craft of the presence of a tier of barges extending beyond pier ends. If New York Marine No. 2 had done this, the collision might well have been averted. The tug was only sixty feet from the first tier of barges, and was at the time of the accident in immediate charge of the barges. In such circumstances we think that the Leary was entitled to rely on the tug's doing her duty. See, also, New York, O. & W. R. Co. v. Cornell Steamboat Co. (C. C. A.) 193 F. 380; Wright & Cobb Lighterage Co. v. New England Navigation Co. (C. C. A.) 204 F. 762 and The Express (C. C. A.) 212 F. 672.

In the Kennebec (C. C. A.) 108 F. 300, eight vessels were moored abreast at a coal dock on a foggy night extending out into a narrow channel. There was no tug present and no fog signals were given by the barges. A steamer while navigating cautiously in the fog collided with libelant's barge. We affirmed a decree dismissing the libel on the ground that the accident was due to the negligence of the barges in not giving any warning. A similar result was reached in The Jersey Central (C. C. A.) 221 F. 625, and The Youngstown (C. C. A.) 40 F.(2d) 420. It is unnecessary to say whether a barge which is placed at a long distance from the tug in a tow is under any different duty from one so near her tug as was the Leary in the present

case. Whatever might be the independent duty of a barge in such a situation, we do not think it reasonable that one so close to her tug as sixty feet should be required to give signals. The Leary was an inside barge about as far from the place of the collision as the tug itself. If she had blown a horn or made any other sound she might well have misled moving vessels by leading them to suppose that she was an outside vessel, while signals from the tug in such a place would indicate the probability that she had a tow in charge. The P. R. R. No. 5 (C. C. A.) 181 F. 833. Moreover, the tow lay along the face of the piers only extending out the combined width of three barges, so that it did not project far into the fairway.

We think that the Leary was justified in leaving the tug to do any signaling that may have been required, to indicate the presence of the tow. Such seems to have been the view in The Bern (C. C. A.) 243 F. 859; The Express (C. C. A.) 212 F. 672; New York, O. & W. Ry. Co. v. Cornell Steamboat Co. (C. C. A.) 193 F. 380; Hughes v. Pennsylvania R. Co. (C. C. A.) 113 F. 925. In none of these decisions was the owner of the barge deprived of half of his damages.

The decree should be modified so as to award full damages to libelant, payable one-half by the city of New York and one-half by the tug New York Marine No. 2.