**John NORKIN et al., Libellants,**

v.

**S/T THE SISTER KATINGO,**
**Respondent.**

**No. 4686.**

United States District Court
D. Connecticut.

Feb. 1, 1962.

David E. Fitzgerald, Jr., New Haven, Conn., for libelants.

William R. Murphy, of Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., James D. Hanlon, of Zock, Petrie, Sheneman & Reid, New York City, for respondent.

TIMBERS, District Judge.

Petitioners, owners of waterfront properties in New Haven harbor alleged to have been damaged by the S/T Sister Katingo's discharge of a cargo of fuel oil, move to intervene in this proceeding pursuant to Admiralty Rule 34, 28 U.S. C.A.

The question presented is whether, two months after a surety bond was posted in the original action by the owner of the vessel for its release which thereupon left the custody of the United States Marshal, new parties may intervene as libelants asserting essentially the same cause of action as the original libelants. The Court holds this question must be answered in the negative.

The original libel was filed September 11, 1961 in this Court against the S/T Sister Katingo claiming that libelants' waterfront properties were damaged by the vessel's negligent discharge of a cargo of fuel oil into the navigable waters of New Haven harbor.

Process issued for the arrest of the vessel. It was arrested by the United States Marshal September 11, 1961. Ar-

224

rangements were made that day for the subsequent posting of a surety bond for release of the vessel. September 11, 1961 the vessel was released and sailed from New Haven.

September 22, 1961 Nautilus Petroleum Carriers Corporation filed a Claim of Owner with respect to the vessel, together with a $20,000 surety bond in substitution for the attachment.

November 9, 1961 petitioners, owners of other waterfront property in New Haven harbor alleged to have been similarly damaged by the vessel's discharge of fuel oil, filed the instant motion to intervene in the original action commenced September 11, 1961.

■ A bond such as the one posted September 22, 1961 in this proceeding is to be construed, so far as the liability created by the bond is concerned, in accordance with the intention of the Court which required the bond rather than the intention of the parties to the bond. The Beaconsfield, 158 U.S. 303, 311, 15 S.Ct. 860, 39 L.Ed. 993 (1895); The Shreveport, 42 F.2d 524, 537 (E.D.So.Car.1930). The introduction of a new cause of action is something the sureties are not bound to contemplate. The Oregon, 158 U.S. 186, 205–211, 15 S.Ct. 804, 39 L.Ed. 943 (1895); The Beaconsfield, 158 U.S. 303, 311, 15 S.Ct. 860; The T. W. Snook, 51 F. 244, 245 (N.D.Ill.1892). Certain types of "intervention" are possible after the court has lost power over the res. The real party in interest may be substituted. The Beaconsfield, 158 U.S. 303, 310, 15 S.Ct. 860. Salvors of human life may intervene to claim their statutory share in the award to salvors of property. The Shreveport, 42 F.2d 524, 537–538.

■ Petitioners here assert a cause of action which is essentially on all fours with that in the suit in which they seek to intervene. But theirs is a new and separate cause of action. While the bond is intended as a substitute for the vessel itself, it is only such "in all points fairly in adjudication before the court." The Oregon, 158 U.S. 186, 209, 15 S.Ct. 813.

The claims of these petitioners were not before the Court when the bond was posted for the release of the vessel. The bond thus does not run to these petitioners. They may not now intervene.